JOEL PARKER *v.* JOSEPH MILTON.

Sale—Not Absolute, but Construed as Mortgage—Right of Redemption.

A sale for a grossly inadequate price, for the exact amount of the execution levied, and that both parties regarded the debtor had a right to redeem the land, held to constitute a mortgage and not an absolute, unconditional sale.

APPEAL FROM WEBSTER COMMON PLEAS COURT.

March 4, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The illiterate and ignorant character of appellee, together with the great inadequacy of the consideration of $224, for a tract of land proved to be worth, at the time, from $1,500 to $2,000, in

connection with the fact that appellant was one of the execution creditors who had the land levied on, and the $224 being the precise amount of the execution then levied, with the still more pregnant fact that both parties regarded the land as redeemable, rather that Milton had the right to redeem the land, shows that the sale was not an absolute unconditional one, and in all such cases the law and the courts construe the transaction to be a mortgage rather than an absolute sale with a mere reserved right of redemption within a given time, and especially when the relation of debtor and creditor existed at the time. This view of the case is made the more imposing from a total absence of any proof as to the conditions or time within which Milton could redeem the land, sufficiently appears, but when and how do not; therefore the law will presume it was a mortgage under all the facts appearing, however honest may have been appellant's motive. His inability to show when and how Milton was to redeem may be regarded as more a misfortune than any bad motive, still, in the absence of these essential facts appearing, the law will regard it as a mortgage and compel him to receive back his money with interest; nor can the execution of the rent notes by Milton, under the circumstances alleged in his amended petition, which was not answered nor controverted, rescue the transaction from the legal presumption that it was a mortgage.

Wherefore, the judgment is *affirmed.*

*Vance,* for appellant.

*Givens,* for appellee.